UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
96-14068CIVROETTGER
CASE NO. ~~96-8147-CIV-HURLEY~~
MAGISTRATE JUDGE SORRENTINO

MARK A. KENDALL,

Plaintiff,

vs.

REGINALD DAVIS, et al.,

Defendants.
_______________________________/

**ANSWER/AFFIRMATIVE DEFENSES**

The Defendant, GUNTHER, through his undersigned attorneys, files this his Answer/Affirmative Defenses to the Complaint[1] as follows:

I. Without knowledge and therefore denied.

II. Without knowledge and therefore denied.

II(A)-(D). Not applicable.

III. Without knowledge and therefore denied.

III(A). Admitted to the extent that the Indian River County Jail has a grievance procedure.

III(B). No response given by Plaintiff and therefore denied.

III(C)(1). Denied and Defendant demands strict proof thereof.

III(C)(2). Denied and Defendant demands strict proof thereof.

III(D). No response given by Plaintiff and therefore denied.

IV(A). Without knowledge.

---

[1]On or about April 1, 1996, the Plaintiff filed his "Supplemental Complaint". This pleading will also be addressed by this Answer/Affirmative Defenses.



14

IV(B). Without knowledge.

IV(C)(1). Without knowledge.

IV(C)(2). Without knowledge.

IV(C)(3). Without knowledge.

IV(C)(4). No response given by Plaintiff and therefore denied.

IV(C)(5). Without knowledge.

IV(C)(6). Without knowledge.

IV(C)(7). Without knowledge.

IV(C)(8). No response given by Plaintiff and therefore denied.

V(A). Admitted to the extent that the Plaintiff has stated his name as being Mark A. Kendall and has listed his mailing address as Central Florida Reception Center, P.O. Box 628229, Orlando, Florida.

V(B). Not responded to by Plaintiff.

V(C). Admitted to the extent that the Plaintiff has named Reginald Davis as a Defendant with a mailing address of Indian River County Sheriff's Department, 4055 41st Avenue, Vero Beach, Florida 32960, and that Plaintiff lists his position as a correctional officer employed at the Indian River County Jail.

V(D). Admitted.

V(E). Admitted to the extent that the Plaintiff has named Frederick Meyer as a Defendant with a mailing address of Indian River County Sheriff's Department, 4055 41st Avenue, Vero Beach, Florida 32960, and that Plaintiff lists his position as a sergeant

employed at the Indian River County Jail.

V(F). Admitted to the extent that the Plaintiff has named M.L. "Bob" Reese as a Defendant with a mailing address of Indian River County Sheriff's Department, 4055 41st Avenue, Vero Beach, Florida 32960, and that Plaintiff lists his position as a Facility Administrator/Corrections employed at the Indian River County Jail.

V(G). Admitted to the extent that the Plaintiff has named Gary Wheeler as a Defendant with a mailing address of Indian River County Sheriff's Department, 4055 41st Avenue, Vero Beach, Florida 32960, and that Plaintiff lists his position as the Sheriff employed at the Indian River County Jail.

V(H). Admitted to the extent that the Plaintiff has named Clarence Latimer as a Defendant with a mailing address of Indian River County Sheriff's Department, 4055 41st Avenue, Vero Beach, Florida 32960, and that Plaintiff lists his position as a lieutenant employed at the Indian River County Jail.

VI. Denied and Defendant demands strict proof thereof.

VII(1). Denied.

VII(2). Without knowledge.

VII(3). Admitted to the extent that Defendant Davis is a correctional officer employed by the Indian River County Sheriff's Department, Corrections Division. All other allegations are denied.

VII(4). Denied.

VII(5). Denied.

VII(6). Denied.

VII(7). Denied.

VII(8). Denied.

VII(9). Denied.

VII(10). Denied.

VII(11). Denied.

VII(12). Denied.

VII(13). Denied.

VII(14). Denied.

VII(15). Denied.

VII(16). Without knowledge and Defendant demands strict proof thereof.

VII(17). Without knowledge and Defendant demands strict proof thereof.

VII(18). Denied.

VII(19). Denied.

VII(20). Denied.

VII(21). Denied.

VII(22). Denied.

VII(23). Denied.

VII(24). Denied.

VII(25). Denied.

VII(26). Denied.

VII(27). Without knowledge and Defendant demands strict proof thereof.

VII(28). Without knowledge and Defendant demands strict proof thereof.

VII(29). Denied.

VII(30). Without knowledge and Defendant demands strict proof thereof.

VII(31). Without knowledge and Defendant demands strict proof thereof.

VII(32). Denied.

VII(33). Denied.

VII(34). Denied.

VII(A)(1). Denied.

VII(A)(2). Denied.

VII(A)(3). Denied.

VII(B)(1). Denied.

VII(B)(2). Denied.

VII(B)(3). Denied.

VII(C). Denied.

VIII(1)-(4). Denied.

**SUPPLEMENTAL COMPLAINT**

1. Without knowledge and Defendant demands strict proof thereof.

2. Denied.

3. Denied and Defendant demands strict proof thereof.

4. Without knowledge and Defendant demands strict proof thereof.

5. Denied.

6. Without knowledge.

## AFFIRMATIVE DEFENSES

I. As a first Affirmative Defense, the Defendant GUNTHER, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, would assert that jurisdiction has not properly been obtained pursuant to law.

II. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that any and all injuries or damages suffered by Plaintiff were caused in whole by reason of Plaintiff's negligence and/or wrongful acts and/or misconduct.

III. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by reason of the wrongful acts of others over which this Defendant had no control or responsibility for control.

IV. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that he is immune from any and all liability through application of the concept of qualified immunity, as he, at no time, committed any act in derogation of Plaintiff's civil rights of which a reasonable detention or corrections officer would have had knowledge and, at all times, otherwise acted in good faith relying upon existing statutes, policies and procedures as authority for his actions.

V. As a further and separate Affirmative Defense, the Defendant would assert that as to the state law claims all actions he took, if any, were taken within the course and scope of his employment, and consequently he is not subject to suit pursuant to

Section 768.28, Florida Statutes.

VI. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that he is immune from liability, or liability is limited for any and all alleged injuries or damages about which Plaintiff complains by virtue and by operation of Section 768.28, Florida Statutes.

VII. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that he is immune from liability or liability is limited for any and all alleged injuries or damages about which Plaintiff complains by virtue and by operation of the concept of sovereign immunity.

VIII. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that any and all actions he took were taken:

a. without malice;

b. with probable cause;

c. in pursuit of lawful and legal duties;

d. with such force as was reasonably necessary under the circumstances.

IX. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that any and all injuries allegedly suffered by Plaintiff were caused in whole or in part by reason of Plaintiff's harmful acts and/or negligent conduct for which Plaintiff is comparatively chargeable.

X. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that the force used was reasonable

and was applied in good faith to restore or maintain discipline and/or security.

XI. As a further and separate Affirmative Defense, the Defendant GUNTHER would assert that the force used was not applied maliciously or sadistically with the intent of causing harm.

**DEMAND FOR TRIAL BY JURY**

The Defendant GUNTHER hereby demands trial by jury on all issues so triable.

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 1st day of October, 1996, to: MARK A. KENDALL, Plaintiff, DC#807824, Santa Fe Community Correctional Center, P.O. Box 1202, Gainesville, Florida 32602-1202.

SHAILER, PURDY & JOLLY, P.A.
Attorneys for Defendants
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
Telephone (954) 462-3200

BY ______________________________
BRUCE W. JOLLY
Fla. Bar No. 203637